IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-6115 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| HOWARD STERN, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Howard Stern and Sirius Satellite Radio, Inc..

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    Plaintiff alleges that defendant Howard Stern was a victim of plaintiff's "identity theft," and as a result is "advocating" plaintiff's incarceration on the radio. Defendants are a

G:\PRO-SE\MJJ\CR.07\riches54.dsm.wpd

1 private individuals and a private organization.  As such, they do not act under color of state
2 law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640
3 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See
4 Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S.
5 949 (1975).  Accordingly, plaintiff has failed to state a cognizable claim for relief under §
6 1983.

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 21, 2007

MARTIN J. JENKINS
United States District Judge